**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTINE YOUNG,**

   **Plaintiff,**

-vs-                Case No. 6:06-cv-178-Orl-19JGG

**ROY'S RESTAURANT; OUTBACK STEAKHOUSE OF FLORIDA, INC., a Florida corporation; OUTBACK STEAKHOUSE, INC., a Florida Corporation, OS RESTAURANT SERVICES, INC., a Florida corporation; DANIEL KIRBY, an individual; and MICHAEL WEBB, an individual,**

   **Defendants.**
_____

**ORDER**

   This case comes before the Court on the Motion to Dismiss by Defendant Daniel Kirby, (Doc. No. 6), filed on February 20, 2006.

   On February 14, 2006, the instant action was removed to this Court. (Doc. No. 1). In her Complaint, Plaintiff sues four business entities and two individuals, including Defendant Daniel Kirby, alleging gender discrimination and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act (FCRA), and Section 448.101, *et seq.*, Florida Statutes. (*See* Doc. No. 2). Since the question before the Court involves the legal issue of whether these statutes pose an absolute bar to individual

liability, the Court need not present the remaining factual allegations of Plaintiff's Complaint.

Defendant Daniel Kirby has filed a Motion to Dismiss, arguing that Title VII, the FCRA, and Section 448.101, Florida Statutes, do not recognize claims of individual liability. (*See* Doc. No. 6, p. 2). Thus, Kirby argues, Plaintiff has failed to state a claim upon which relief can be granted, and dismissal with regard to Kirby is warranted as a matter of law. (See id.). Kirby also seeks attorney's fees and costs for defending against this lawsuit. (*See id.* at p. 4). Plaintiff has not responded to Kirby's motion to dismiss.

**Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached to it as exhibits. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Although copies of this motion were sent to Plaintiff's counsel on February 20, 2006, Plaintiff has not filed a brief in opposition as required under Local Rule 3.01(b). (*See* Doc. No. 6). Failure to oppose a motion to dismiss raises an inference that there is no objection

to such motion. *See* Local Rule 3.01(b) ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed").

**Analysis**

In the instant case, all seven counts of the Complaint must be dismissed as they relate to Defendant Daniel Kirby. Both Title VII and the FCRA only provide for private rights of action against "an employer" who commits the discriminatory acts defined by these statutes; neither statute provides for individual liability toward employees whose actions would constitute discrimination in the meaning of these acts. *See, e.g.,* 42 U.S.C. § 2000e-2, *Cross v. Alabama*, 49 F.3d 1490, 1504 (11th Cir. 1995); *Sparks v. Pilot Freight Carriers*, 830 F.2d 1554, 1557-59 (11th Cir. 1987); *Florida Dept. of Comm. Aff. v. Bryant*, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991). Plaintiff's Complaint fails to allege Defendant Kirby was at any time her employer within the meaning of the applicable statutes; to the contrary, the Complaint states that Kirby was employed by Roy's as a General Manager. (*See generally* Doc. No. 2). Thus, Counts I through VI of the Complaint fail to state a cause of action as they relate to Kirby.

Count VII of the Complaint alleges a violation of Section 448.101, *et seq.*, Florida Statutes, for retaliatory actions directed toward Young as a result of her objecting to the Defendants' discriminatory treatment. (*See id.* at p. 21). However, the law is clear that individual employees, even at the corporate officer level, are not "employers" under this statute and thus are not individually liable in a private action brought by a corporate employee. *See, e.g., Tracey-Meddoff v. J. Altman Hair & Beauty Centre, Inc.*, 899 So.2d

1167 (Fla. 4th DCA 2005). Thus, Count VII of the Complaint must also be dismissed with regard to Kirby.

Defendant Kirby asks the Court to award him attorney's fees and costs incurred in the making of his Motion to Dismiss. Generally, a district court will only assess attorney's fees against a plaintiff in a civil rights case if the case is so lacking in arguable merit as to be frivolous, groundless or without foundation. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1176 (11th Cir. 2005) (internal citation omitted). "If a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with ... attorney's fees." *See id.,* quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The Court finds attorney's fees and costs are not warranted in the instant action. There is no argument that the claim against Defendant Kirby was made in bad faith, and Plaintiff has not "pressed on" with such claim in bad faith. In fact, Plaintiff has not opposed the instant motion to dismiss. In examining claims for frivolity, a court must use discretion in exercising the power to award attorney's fees and costs, taking care not to undercut the efforts of Congress to promote the enforcement of Title VII. *Christianburg*, 434 U.S. at 422. For these reasons, Defendant Kirby's claim for attorney's fees and costs is denied.

## Conclusion

For the foregoing reasons, the Motion to Dismiss by Defendant Daniel Kirby, (Doc. No. 6), filed on February 20, 2006, is **GRANTED**. Plaintiffs shall have leave, if desired, to file an amended complaint which comports with this Order within ten (10) days from the date below.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this _31st__ day of March, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record