UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTINE YOUNG,**

        **Plaintiff,**

-vs-                                Case No. 6:06-cv-178-Orl-19JGG

**ROY'S RESTAURANT; OUTBACK STEAKHOUSE OF FLORIDA, INC., a Florida corporation; OUTBACK STEAKHOUSE, INC., a Florida Corporation, OS RESTAURANT SERVICES, INC., a Florida corporation,**

        **Defendants.**

_____

**ORDER**

This case comes before the Court on the following:

1. Motion to Remand, filed by Plaintiff Christine Young on June 23, 2006; (Doc. No. 29); and

2. Memorandum in Opposition to Plaintiff's Motion to Remand, filed by Defendants Roy's Restaurant, Outback Steakhouse of Florida, Inc., Outback Steakhouse, Inc. and OS Restaurant Services, Inc. (Collectively "Roy's") on July 7, 2006. (Doc. No. 33).

**Background**

On February 14, 2006, the instant action was removed to this Court. (Doc. No. 1).

In her Complaint, Plaintiff sues four business entities[1] alleging gender discrimination, hostile work environment, and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act (FCRA), and Section 448.101, *et seq.*, Florida Statutes. (*See* Doc. No. 2). Since the question before the Court involves the legal issue of remand, the Court will not present the remaining factual allegations of Plaintiff's Complaint.

On June 23, 2006, Plaintiff filed an Amended Complaint which omitted her claims for discrimination under Title VII and retained her claims under the FCRA and Section 448.101. (*See* Doc. No. 28). Plaintiff has admitted in her Motion for Leave to Amend the Complaint that the sole basis for seeking to amend the Complaint was to remove the basis for federal subject matter jurisdiction. (*See* Doc. No. 21-1, p. 4, filed on May 9, 2006). Having so removed the basis for federal jurisdiction, Plaintiff now asks the Court to remand the instant case to state court. Plaintiff argues that the case must be remanded pursuant to 28 U.S.C. Section 1447.

In its Memorandum in Opposition, Roy's opposes remanding the case to state court on several grounds. First, Roy's argues that the Court has the discretion to retain jurisdiction over the case at bar and it is in the best interests of justice for the Court to exercise its discretion not to remand. (*See* Doc. No. 33, p. 3-7). Next, Roy's argues that the Court should retain jurisdiction over the case because Plaintiff's state law claims arise from the same nucleus of operative fact as her former federal law claims and that Plaintiff's state law claims are closely tied to questions of federal policy. (*See id.* at pp. 7-9). Finally, Roy's

---

[1] Two individual Defendants named in the Complaint have since been dismissed from the instant lawsuit. (*See* Doc. Nos. 19, 20).

requests costs and attorneys' fees incurred in litigating the instant case in federal court should the case be remanded back to state court. (*See id.* at pp. 9-10).

**Standard of Review**

Federal law allows remand of a case to state court if removal to federal court was improperly initiated or if after removal it becomes clear that the district court lacks subject matter jurisdiction. *See, e.g.,* 28 U.S.C. § 1447. Removal from state court is proper if it is facially apparent from the complaint that the parties are diverse and the amount in controversy exceeds the jurisdictional requirement or that federal question jurisdiction is implicated.[2] The removing defendant must prove by a preponderance of the evidence diversity and that the amount in controversy exceeds the jurisdictional requirement or that the action arises under federal law. *See, e.g.*, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001). If it is not apparent from the face of the complaint that the jurisdictional amount is met, the Court looks to the notice of removal and "may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *Id.* An action "arises under" federal law when it is apparent from the face of the plaintiff's well-pleaded complaint that the plaintiff's cause of action is itself created by federal law, or if based upon state law, that a federal law which creates a cause of action is an essential component of the plaintiff's claim. *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986).

---

[2]   Pursuant to 28 U.S.C. Section 1331, federal courts have jurisdiction over all civil actions arising under the Constitution and laws of the United States. 28 U.S.C. § 1331.

The Eleventh Circuit has emphasized that "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir.2000) (quotations and citation omitted). Additionally, removal statutes are construed narrowly, and all uncertainties are resolved in favor of remand to the state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

**Analysis**

The Court finds that the interests of justice, judicial economy, fairness, and comity[3] would best be served by denying the Motion to Remand. Binding case law demonstrates that the decision whether to remand a case to state court under the facts of the instant case is committed to the wide discretion of the trial judge. "[P]recedent ... holds that a district court's jurisdiction is not defeated when a Plaintiff voluntarily revises his Complaint, so as to eliminate the federal claim upon which removal is based." *Greenwald v. Palm Beach County By and Through Bd. of County Com'rs*, 796 F.Supp. 1506, 1507 (S.D. Fla. 1992) (citing *In re Greyhound Lines, Inc.*, 598 F.2d 883, 884 (5th Cir. 1979); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985)).[4]

Although 28 U.S.C. Section 1447(c) appears on its face to require remand under any circumstances where the basis for federal question jurisdiction disappears before final

---

[3]    *See, e.g., Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-50 (1988).

[4]    The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

judgment,[5] the Eleventh Circuit, as well as a majority of federal courts which have addressed the issue, have held that Section 1447(c) does not change the general rule that if a federal court properly obtains jurisdiction over a case at the time of removal, such jurisdiction is not divested by subsequent acts, particularly if such subsequent acts are the result of gamesmanship. *See, e.g., Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F. 3d 1287, 1290 (11th Cir. 2000) ("[E]very Circuit that has addressed this issue has held that the proper inquiry is still whether the court had jurisdiction at the time of removal.").

Thus, the applicable rule is that post-removal, "pursuant to 28 U.S.C. § 1447(c), a district court *may* remand cases when the court lacks subject matter jurisdiction." *Id*. at 1289 (emphasis added).

In making the discretionary determination of whether to remand, the Supreme Court has instructed courts to weigh the values of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon*, 484 U.S. at 350. Central to this inquiry is whether a plaintiff has engaged in gamesmanship or manipulative tactics. *See, e.g., id*. at 357; *Boelens*, 759 F.2d at 507; *Payne v. Parkchester North Condominiums*, 134 F. Supp. 2d 582, 584 (S.D. N.Y. 2001). "The jockeying of a case from state court, to federal court, and then back to state court is a 'drain on the resources of the state judiciary, the federal judiciary, and the parties involved; tactical manipulation by the plaintiff ... cannot be condoned.' " *Estate of Olmstead v. Beverly Enterprises-Florida, Inc.*, No. 96-1941-CIV-T-17B, 96-2597-CIV-T-17, 1999 WL 155410, at *3 (M.D. Fla. March 17, 1997) (quoting *Boelens*, 759 F.2d at 507) (internal

---

[5] 28 U.S.C. 1447(c) states, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

marks omitted). This is because allowing a plaintiff to remove the federal basis for jurisdiction by amending the complaint offends Congress' intent to have the plaintiff select her forum of choice before filing her initial complaint and sacrifice federal claims at the onset of litigation if the state forum is a priority. *See id.* (citing *Boelens*, 759 F.2d at 507).

In the instant case, there is no dispute that valid grounds for federal jurisdiction existed at the time of removal. Furthermore, Plaintiff admits that the sole reason for amending her Complaint was to remove the basis for subject matter jurisdiction. (*See* Doc. No .21-1, p. 4). This factual scenario has been repeatedly held to be an insufficient basis for remand by the federal courts. *See, e.g., Boelens,* 759 F. 2d at 507; *Greenwald*, 796 F.Supp. at 1507; *Payne*, 134 F.Supp.2d at 586-88; *Espinoza v. Fry's Food Stores of Arizona, Inc.*, 806 F.Supp. 855, 857 (D. Ariz. 1990). Furthermore, because the FCRA is patterned after Title VII of the federal Civil Rights Act and federal Title VII cases are persuasive precedent in construing the FCRA,[6] the federal court is capable of deciding the merits of the instant case. For these reasons, the Motion to Remand is denied.[7]

## **Conclusion**

Based on the foregoing, the Motion to Remand filed by Plaintiff Christine Young, (Doc. No. 29), is **DENIED**.

Dated this 16th day of July, 2006.

---

[6]     *See, e.g,*, *Dept. of Comm. Affairs v. Bryant*, 586 So. 2d 1205 (Fla. 1st DCA 1991).

[7]     "If the Plaintiff were intent on having this action heard in a state forum, nothing would appear to preclude him from voluntarily dismissing this action without prejudice and later filing a 'new action' in state court, omitting any basis for federal jurisdiction in the Complaint." *Greenwald,* 796 F.Supp. at 1507 n. 3.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record