**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTINE YOUNG,**

               **Plaintiff,**

**-vs-**                                  **Case No.  6:06-cv-178-Orl-19JGG**

**ROY'S RESTAURANT; OUTBACK**
**STEAKHOUSE OF FLORIDA, INC.,**
**a Florida corporation; OUTBACK**
**STEAKHOUSE, INC., a Florida**
**Corporation, OS RESTAURANT**
**SERVICES, INC., a Florida**
**corporation; DANIEL KIRBY, an**
**individual; and MICHAEL WEBB, an**
**individual,**

               **Defendants.**

_____

**ORDER**

    This case comes before the Court on the following:

1.    Plaintiff's Motion to Voluntarily Dismiss Amended Complaint Without Prejudice, filed by Plaintiff Christine Young on August 10, 2006; (Doc. No. 39);

2.    Defendants' Memorandum in Opposition to Plaintiff's Motion to Voluntarily Dismiss Amended Complaint Without Prejudice, filed by Defendants Roy's Restaurant, Outback Steakhouse of Florida, Inc., Outback Steakhouse, Inc., and OS Restaurant Services, Inc. (collectively "Roy's") on August 24, 2006. (Doc. No. 40).

**Background**

On February 14, 2006, the instant action was removed to this Court.  (Doc. No. 1).  In her initial Complaint, Plaintiff sues four business entities[1] alleging gender discrimination, hostile work environment, and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act (FCRA), and Section 448.101, *et seq*., Florida Statutes.  (*See* Doc. No. 2).  Since the question before the Court involves the legal issue of voluntary dismissal, the Court will omit discussion of the remaining factual allegations of Plaintiff's Complaint.

On June 23, 2006, Plaintiff filed an Amended Complaint which omitted her claims for discrimination under Title VII and retained her claims under the FCRA and Section 448.101.  (*See* Doc. No. 28).  Plaintiff admitted in her Motion for Leave to Amend the Complaint that her sole basis for seeking to amend the Complaint was to remove the basis for federal subject matter jurisdiction.  (*See* Doc. No. 21-1, p. 4, filed on May 9, 2006).  Having so removed the basis for federal jurisdiction, Plaintiff requested the Court to remand the instant case to state court.  The Court denied Plaintiff's Motion to Remand on July 17, 2006, holding that the interests of justice, judicial economy, fairness, and comity were best served by the Court not exercising its discretion to remand.  (*See* Doc. No. 36).

Plaintiff now seeks to voluntarily dismiss her Amended Complaint without prejudice.  In her motion, Plaintiff argues that the case at bar is still in the early stages of litigation and that there would be no prejudice to the Defendants in allowing voluntary dismissal.  (*See*

---

[1]     Two individual Defendants named in the Complaint have since been dismissed from the instant lawsuit.  (*See* Doc. Nos. 19, 20).

*generally* Doc. No. 39).   In response, Roy's objects to the dismissal of the instant case and argues that dismissal would constitute a waste of judicial resources and inefficient use of the judicial system.  (*See generally* Doc. No. 40).  Roy's argues in the alternative that should the Court find that dismissal is warranted, it is entitled to attorneys' fees and court costs.

### Standard of Review

The decision of whether or not to grant a voluntary dismissal is controlled by Federal Rule of Civil Procedure 41(a)(2).  *See* Fed. R. Civ. P. 41(a)(2).  Under Rule 41(a)(2), a district court enjoys broad discretion in determining whether to allow a voluntary dismissal. *See, e.g., Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255 (11th Cir. 2001)*; McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir.1986).  "[I]n most cases, a dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." *McCants*, 781 F.2d at 856-57.  Clear legal prejudice is determined by asking the "crucial question" of whether the defendant would lose "any substantial right" by the dismissal. *See Pontenberg*, 252 F.3d at 1255-56; *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967).

In choosing to allow the voluntary dismissal of an action, the Federal Rules of Civil Procedure allow district courts to do so upon such terms and conditions as the court deems proper.  *See* Fed. R. Civ. P. 41(a)(2).  In exercising its discretion under Rule 41(a)(2), the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857.  A decision to allow a voluntary dismissal will not be overturned absent an abuse of discretion.  *See, e.g., Pontenberg*, 252 F.3d at 1256.

### Analysis

Roy's has not demonstrated that it would be prejudiced by the voluntary dismissal of the instant lawsuit, and thus dismissal is warranted under Rule 41(a)(2) and applicable Eleventh Circuit case law. However, taking into account the implicit mandate of Rule 41(a)(2) to "do justice between the parties,[2]" the Court finds that awarding Roy's its attorneys' fees and court costs in filing the notice of removal and defending against the motion to remand is warranted in the instant case.

### A. Dismissal

Roy's argument that it would be improper for the Court to grant voluntary dismissal without prejudice in this lawsuit is not well taken. Roy's offers no argument that it would be prejudiced by dismissal other than the time and costs it would have to incur in defending the instant lawsuit in another court. Such argument has been repeatedly held insufficient by binding circuit case law. *See, e.g., McCants*, 781 F.2d at 856-57; *Durham*, 385 F.2d at 367-68. Furthermore, Roy's offers no argument that it would suffer the loss of any substantial right should the case be dismissed. Thus, voluntary dismissal without prejudice is warranted in the case at bar.

### B. Fees

Courts have long held that ordering payment of a defendant's court costs and attorneys' fees is a proper "condition" for dismissal under Rule 41(a)(2). *See, e.g., Greenberg v. Centurion Inv. Group, Inc.*, 145 F.R.D. 610, 612 (S.D. Fla. 1993) (noting that courts frequently require plaintiffs to pay the costs and fees defendants may have incurred

---

[2]     *See McCants*, 781 F.2d at 857.

in litigation before granting such dismissals).  Awards of costs and fees have been deemed appropriate where, for instance, the dismissal was for the purpose of re-filing the action in state court, or where the defendants have incurred fees and expenses in pursuing matters that would be of no use in subsequent litigation.  *See, e.g.*, *McCants*, 789 F.2d at 859-60; *Conafay by Conafay v. Wyeth Labs.*, 841 F.2d 417, 419 (D.C. Cir. 1988); *Ortega v. Banco Central del Ecuador,* 205 F.R.D. 648 (S.D. Fla. 2002); *Fleming v. Joy Fin. Co.*, 1995 WL 739877 at *2 (E.D. La. Dec. 11, 1995).  The purpose of awarding costs is to reimburse the defendant for expenses incurred in defending the dismissed action and to deter vexatious or frivolous litigation in the future.  *See, e.g., Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985); *Bishop v. West Am. Ins. Co.*, 95 F.R.D. 494, 495 (N.D. Ga. 1982).  In factually similar cases, courts have awarded defendants the costs incurred in removing an action to federal court and in opposing a motion to remand or a motion for voluntary dismissal.  *See, e.g., Bishop*, 95 F.R.D. at 495; *Fleming*, 1995 WL 739877 at *2; *Bath Iron Works Corp. v. Parmatic Filter Corp.*, 736 F.Supp. 1175, 1178 (D. Me. 1990).

In the instant case, the interests of justice and the mandate of Rule 41(a)(2) would best be served by awarding Roy's attorneys' fees and court costs associated with filing the notice of removal and defending against Plaintiff's Motion to Remand.  As noted in the Court's prior Order, Plaintiff has admitted filing the instant case in state court, and, upon the filing of a notice of removal by Defendants  , amending her complaint solely to defeat federal question jurisdiction.  (*See* Doc. No.  21-1, p. 4, filed on May 9, 2006).  Then, upon learning that her Motion for Remand was denied, Plaintiff filed a motion for voluntary dismissal in order to institute a new lawsuit in state court.  (*See* Doc. No. 39, p. 4).

The jockeying of a case from state court, to federal court, and then back to state court is a "drain on the resources of the state judiciary, the federal judiciary, and the parties involved," and this type of tactical manipulation by plaintiffs should not be condoned. *Estate of Olmstead v. Beverly Enterprises-Florida, Inc.*, No. 96-1941-CIV-T-17B, 96-2597-CIV-T-17, 1999 WL 155410, at \*3 (M.D. Fla. March 17, 1997) (quoting *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985)) (internal marks omitted). This legal maneuvering has been dubbed "gamesmanship" by some courts. In addition to wasting resources, it offends Congress' intent to have the plaintiff select her forum of choice before filing her initial complaint and sacrifice federal claims at the onset of litigation if the state forum is a priority. *See id.* (citing Boelens, 759 F.2d at 507). For these reasons, the Court finds that Roy's is entitled to attorneys' fees and court costs associated with filing the notice of removal and defending against Plaintiff's Motion to Remand as a condition for voluntary dismissal under Rule 41(a)(2). However, Roy's request for further costs and attorneys' fees is denied. The Defendants would have incurred such other fees and costs, such as discovery and moving to dismiss the individual defendants, regardless of where the case was filed.

## Conclusion

Based on the foregoing, the Plaintiff's Motion to Voluntarily Dismiss Amended Complaint Without Prejudice, filed by Plaintiff Christine Young on August 10, 2006, (Doc. No. 39), is **GRANTED in part**, subject to the right of the Defendants to seek attorneys' fees and court costs associated with the filing of the notice of removal and defending against Plaintiff's Motion to Remand. Defendants shall have ten (10) days from the date of this Order to submit a motion for attorneys' fees and court costs with the proper evidentiary

support.  Plaintiff shall have ten (10) days thereafter to respond or to withdraw her motion for voluntary dismissal.

      **DONE** and **ORDERED** in Chambers in Orlando, Florida this  11th   day of September, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record