# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTINE YOUNG,**

      **Plaintiff,**

**-vs-**                                                   **Case No. 6:06-cv-178-Orl-19JGG**

**ROY'S / OUTBACK JOINT VENTURE, a Florida partnership, OUTBACK STEAKHOUSE OF FLORIDA, INC., OUTBACK STEAKHOUSE, INC., OS RESTAURANT SERVICES, INC., DANIEL KIRBY, MICHAEL WEBB,**

      **Defendants.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **DEFENDANTS' MOTION FOR COSTS AND ATTORNEYS' FEES (Doc. No. 43)**
>
> **FILED:**   **September 25, 2006**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

    On September 11, 2006, the Honorable Patricia C. Fawsett entered an order finding that "Roy's is entitled to attorneys' fees and costs associated with filing the notice of removal and defending against Plaintiff's Motion to Remand . . .However, Roy's request for further costs and attorneys' fees is denied." Docket 42 at 6. The Court is now presented with Defendants' Motion for Costs and Attorneys' Fees.

I.     **ANALYSIS**

Defendants' motion does not separate the time spent between filing the notice of removal and defending against the Motion for Remand. Rather, defense counsel have lumped together hours spent on the removal, the Motion for Remand and the allegedly related Motion to Voluntarily Dismiss. See Affidavit of Kevin Johnson, Docket 43-4 at ¶ 8; Affidavit of Brian C. Ussery, Docket 43-5 at ¶ 5. Defendants seeks to recover fees for 24.3 hours of Ussery's time and for 13.2 hours of Johnson's time. *Id*. The total amount of fees claimed is $5,955.  Docket 43 at 4.

Plaintiff does not contest the reasonableness of the hourly rates of $150 and $175, respectively for Ussery and Johnson. Docket 45. Plaintiff, however, opposes Defendants' motion, arguing that the amount of time spent by defense counsel was excessive and/or redundant and that Defendants seeks to recover fees in excess of those authorized by Judge Fawsett's order.

A.     **Fees and Costs Associated with Filing the Notice of Removal**

Defendants incurred a filing fee of $250 to file the Notice of Removal. This cost is not disputed and should be awarded.

Plaintiff calculates that defense counsel spent a total of four hours generating a routine removal pleading, and contends that it should not have taken defense counsel more than two hours to prepare the pleading. Docket 45 at 2. Defendants reply that extensive legal research was required to determine when the removal was due because Defendants waived service of process. Defendants claim research also was required to determine if they could remove the case when one of the individual defendants had not been served.

> The removal statute, 28 U.S.C. § 1446(b), provides in relevant part:
>
>> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (Emphasis added.)

Based on the plain language of the statute, the time begins to run when Defendants' received the complaint. It does not matter how the complaint was received. Although Defendants contend there is a split in the circuits regarding application of this rule, they fail to cite any of those cases. Defendants have failed to show the need for extensive research on what appears to be a straightforward issue.

The Court agrees with Plaintiff that a reasonable amount of time to research and prepare the Notice of Removal is two hours. As the amount of time spent by Ussery and Johnson was nearly equal on this issue, the Court allocates 1 hour of time to Ussery and 1 hour of time to Johnson, for total fees in the amount of $325 for removal of the action.

    B.    **Fees and Costs Associated with Defending Against the Motion to Remand**

The primary dispute between the parties relates to what fees should be associated with the Motion to Remand. Plaintiff argues that Judge Fawsett's order limited recovery for work related to the motion to remand and, therefore, any fees related to other motions should not be awarded. Defendants argue that Judge Fawsett's order should be construed more expansively and should include work on the motion for leave to amend the complaint, in which Plaintiff urged the Court to *sua sponte* remand the case if she prevailed on the motion. Defendants also argue that they should be able to recover fees for work on the motion to voluntarily dismiss because the motion specifically sought

-3-

remand and "could have been deemed *de facto* motions for remand by this Court." Docket 48 at 6.

The undersigned finds that Judge Fawsett already considered Defendants' arguments to recover fees for the multiple motion work performed in this case and rejected those arguments. In their Memorandum in Opposition to Plaintiff's Motion to Voluntarily Dismiss Amended Complaint, Defendants argued:

> Defendants have expended significant time, efforts, and resources in the defense of this claim before this Court and the state court in which the lawsuit was initiated. With the exception of the minimal discovery conducted by the parties, the vast majority of Defendants' expenses and fees to date have resulted from Defendants' proper removal of the instant matter to this Court's jurisdiction, efforts to comply with the procedural requirements imposed by the federal rules, and, most significantly, in contending with Plaintiff's unnecessary jockeying of claims and forum shopping. These expenses and fees were incurred as a direct result of Plaintiff's conscious decision to plead federal claims in her original state court Complaint and subsequent intentional efforts to oust federal court jurisdiction and manipulate the forum by amending her original complaint, attempting to remand the case to state court, and, now, voluntarily dismissing the case for the stated purpose of refiling in state court.

Docket 40 at 4-5. Judge Fawsett's order granting Plaintiff's Motion to Voluntarily Dismiss and awarding limited fees to Defendants reflects that she was fully aware of the multiple motions filed in this case. Docket 42. The undersigned does not find that Judge Fawsett's order limiting the recovery of fees to specific work in the cases to be an oversight, but rather a conscious decision.

Plaintiff calculates the amount of time spent by defense counsel defending against the motion to remand was 13.0 hours, not the 33.5 hours Defendants claim as being related to the remand issues. Docket 45 at 3-4. Defense counsel did not group their time entries to enable the Court to easily discern what time was spent on which motion. After reviewing the time entries, the undersigned concurs with Plaintiff's argument that an attempt to separate out the work performed by defense

counsel according to particular motions is difficult. The undersigned, therefore, has evaluated Plaintiff's four-page Motion to Remand and Defendant's eleven-page response and the complexity of the work involved. Docket 29, 33.

The undersigned finds that 15 hours was a reasonable amount of time to conduct research related to the motion to remand and to prepare the response. Rather than allocating the time to one attorney or another, the Court has used a blended rate of $162.50 per hour. The Court, therefore, recommends that Defendants be awarded $2,437.50 for work associated with the motion for remand.

II.     **CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants' Motion for Costs and Attorneys' Fees be granted in part, and that Defendants be awarded a total of $2,762.50 in attorneys' fees and $250 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 25, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett
Counsel of Record