**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTINE YOUNG,**

            **Plaintiff,**

**-vs-**                                                    **Case No.  6:06-cv-178-Orl-19JGG**

**ROY'S RESTAURANT; OUTBACK**
**STEAKHOUSE OF FLORIDA, INC.,**
**a Florida corporation; OUTBACK**
**STEAKHOUSE, INC., a Florida**
**Corporation, OS RESTAURANT**
**SERVICES, INC., a Florida**
**corporation,**

            **Defendants.**
_____

**ORDER**

This case comes before the Court on the following:

1.      Report and Recommendation [to Grant in part Defendants' Motion for Costs
        and Attorneys' Fees], filed by the United States Magistrate Judge on January
        25, 2007; (Doc. No. 49);

2.      Defendants' Objections to Magistrate Judge's Report and Recommendation,
        filed by Defendants Roy's Restaurant, Outback Steakhouse of Florida,
        Inc., Outback Steakhouse, Inc. and OS Restaurant Services, Inc.
        (collectively "Roy's") on February 8, 2007; (Doc. No. 50); and

3.      Plaintiff's Response to Defendants' Objections to Magistrate Judge's Report
        and Recommendation, filed by Plaintiff Christine Young on March 8, 2007.

(Doc. No. 53).

## Background

On February 14, 2006, the instant action was removed to this Court. (Doc. No. 1). In her initial Complaint, Plaintiff sued four business entities[1] alleging gender discrimination, hostile work environment, and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act (FCRA), and Section 448.101, *et seq.*, Florida Statutes. (Doc. No. 2).[2]

On June 23, 2006, Plaintiff filed an Amended Complaint which omitted her claims for discrimination under Title VII and retained her claims under the FCRA and Section 448.101. (Doc. No. 28). Plaintiff admitted in her Motion for Leave to Amend the Complaint that her sole basis for seeking to amend the Complaint was to remove the basis for federal subject matter jurisdiction. (Doc. No. 21-1, p. 4, filed on May 9, 2006). Having so removed the basis for federal jurisdiction, Plaintiff requested the Court to remand the instant case to state court. The Court denied Plaintiff's Motion to Remand on July 17, 2006, finding that the interests of justice, judicial economy, fairness, and comity were best served by the Court not exercising its discretion to remand. (Doc. No. 36).

Plaintiff then sought to voluntarily dismiss her Amended Complaint without prejudice. In her motion, Plaintiff argued that the case at bar is still in the early stages of

---

[1]    Two individual Defendants named in the Complaint have since been dismissed from the instant lawsuit. (Doc. Nos. 19, 20).

[2]    Since the question before the Court involves the legal issue of the awarding of attorneys' fees, the Court will omit discussion of the remaining factual allegations of Plaintiff's Complaint.

litigation and that there would be no prejudice to the Defendants in allowing voluntary dismissal. (*See generally* Doc. No. 39). In response, Roy's objected to the dismissal of the instant case and argued that dismissal would constitute a waste of judicial resources and inefficient use of the judicial system. (*See generally* Doc. No. 40). On September 11, 2006, the Court granted in part Plaintiff's Motion for Voluntary Dismissal. (Doc. No. 42).

In the Order granting voluntary dismissal, the Court found that payment of some of Defendants' court costs and attorneys' fees was a proper and necessary condition for dismissal under Federal Rule of Civil Procedure 41(a)(2). (*Id.* at pp. 4-5). Thus, the Court found that "Roy's is entitled to attorneys' fees and court costs associated with filing the notice of removal and defending against Plaintiff's Motion to Remand as a condition for voluntary dismissal under Rule 41(a)(2). However, Roy's request for further costs and attorneys' fees is denied." (*Id.* at p. 6).

Defendants' motion for attorneys' fees was referred to the United States Magistrate Judge, who granted in part and denied in part the fee request. (*See generally* Doc. No. 49). After considering argument from both parties, the Magistrate Judge recommended the Court award attorneys' fees as follows: 1) Defendants should be awarded the $250.00 filing fee incurred in removing the instant action; 2) Defendants should be awarded attorneys' fees for two (2.0) of the four (4.0) claimed hours in researching and drafting the Notice of Removal; and 3) Defendants should be awarded attorneys' fees for 15.0 of the 33.5 claimed hours in researching and drafting a response to Plaintiff's Motion to Remand at a "blended rate" of $162.50 per hour. (*Id.* at pp. 2-5).

Plaintiff has no objections to the Magistrate Judge's Report and Recommendation

("R & R").  Defendants raise two objections.  First, Defendants claim that they provided ample and proper documentation of the costs and fees incurred in defending against the Motion to Remand and that it is reasonable and justified for the Court to award the entirety of claimed fees. Secondly, Defendants claim that the four (4.0) claimed hours spent on removal were reasonable and justified under the circumstances and that they should be awarded fees for all such hours.  (*See* Doc. No. 50, pp. 3-12).

## Standard of Review

In order to challenge the findings and recommendations of a United States magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. *E.g., Macort v. Prem, Inc.*, No.06-12316, 2006 WL 3473734 (11th Cir. Nov. 20, 2006).  Where, as here, this condition is met, a district court judge must make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  *E.g. Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989).  When conducting *de novo* review, a district court's consideration of the factual issues must be independent and based upon the record before the court. *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

## Analysis

### A.  Motion to Remand

Roy's argues that the Magistrate Judge misinterpreted the Court's Order allowing Roy's to seek attorneys' fees into a construction which is too narrow.  Roy's argues that the

Court's Order should be construed more expansively and should include attorneys' fees for work on the motion for leave to amend the complaint, in which Plaintiff suggested the Court *sua sponte* remand the case if she prevailed on the motion.  Defendants also argue that they should be able to recover fees for work on the motion to voluntarily dismiss because the motion specifically referenced remand and could have been deemed a *de facto* motion to remand.

Roy's contention that it should be awarded attorneys' fees for all of its claimed hours is not well taken.  The Court's Order specifically enumerated for which efforts Roy's may seek fees and costs:  "Roy's is entitled to attorneys' fees and court costs associated with filing the notice of removal and defending against Plaintiff's Motion to Remand ... [h]owever, Roy's request for further costs and attorneys' fees is denied."  (Doc. No. 42, p. 6).  The Magistrate Judge was entirely correct in reasoning that this language represented a conscious decision by the Court and not general language or a mere oversight.  (Doc. No. 49, p. 4).  As Plaintiff points out, this language, which appears several times in the Court's Order, specifically refers to fees associated with "Plaintiff's Motion to Remand," including capitalization of the specific name of the Motion.  While Roy's is correct in its statement that the Court referenced Plaintiff's gamesmanship as a rationale for awarding attorneys' fees, this fact does not permit Roy's to seek attorneys' fees for defending against each motion in which it feels such gamesmanship may have been present or each motion which referenced remanding the case.  Rather, Roy's award is limited to the specific language of the Court's Order.

Furthermore, the Court finds the Magistrate Judge committed no error in limiting

Roy's recovery to fifteen (15.0) hours of work in defending against the Motion to Remand. The Court has scrutinized the evidence presented by Roy's and agrees with the Magistrate Judge and Plaintiff that the description of the work performed by defense counsel makes it difficult to discern which blocks of time were devoted solely to researching remand and defending against the Motion to Remand. A district court must make adjustments to hours claimed if they include redundant hours or hours spent on discrete and unsuccessful claims. *E.g. Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301-02 (11th Cir. 1988).

Clearly, Roy's may not recover for any work done after July 17, 2006, the day the Court denied the Motion to Remand. (*See* Doc. No. 36). With regard to the entries before this date, although defense counsel has clearly documented the time spent on the case, at a reasonable rate, it is difficult to discern how much time was spent solely on remand-related issues. The Court can discern from the submissions presented by Roy's that the actual amount of time was somewhere between 6.5 and 19.8 hours but is unable from Roy's submissions to calculate the precise amount of time spent on such issues. (*See* Doc. No. 43-2, pp. 2-4). With this in mind, the Magistrate Judge's estimate of 15.0 hours at a blended rate of $162.50 per hour is not erroneous and is not outside the range of reasonableness. Thus, the Court finds the Magistrate Judge committed no error in awarding $2437.50 in attorneys' fees for work associated with defending against the Motion to Remand.

**B.  Notice of Removal**

Roy's argues that the Magistrate Judge erred in reasoning that the four (4.0) claimed hours spent on the notice of removal by Roy's were excessive and that two (2.0) hours were

a reasonable amount of time to prepare the removal pleading.  For the reasons that follow, the Court finds that Roy's is entitled to attorneys' fees for all four (4.0) claimed hours spent on removal issues.

Roy's has presented extensive argument regarding the unique removal situation present in the instant case, where the deadline for removal was unclear because the Defendants received a courtesy copy of the Complaint attached to a written request for waiver of service.  Thus, Defendants were required to research whether the time for filing the notice of removal began to run upon receipt of the courtesy copy of the Complaint or upon the actual execution of the waiver of service.  (*E.g.,* Doc. No. 48, p. 3).  During the course of their research, Defendants discovered a split of authority on the issue to this unique question.  (*Id*. at n. 2; Doc. No. 50, pp. 2-8).  Attorney Daniel Brodersen, who testified via affidavit on behalf of Plaintiff, stated that two (2.0) hours of attorney's time was reasonable for a normal and routine notice of removal, absent unusual factual or legal circumstances. (Doc. No. 45-2, ¶ 12).  However, under the novel factual circumstances presented in this case, the Court finds that spending two (2.0) additional hours to research the standards regarding removal to federal court was reasonable.  Because the situation presented in the instant case was unique, the affidavit submitted by Plaintiff is not entitled to great weight by the Court.  *See Norman,* 836 F.2d at 1301 (generalized statements that the time spent was reasonable or unreasonable are not entitled to much weight).

Plaintiff does not argue that Roy's incorrectly describes the law regarding removal in its Motion.  Rather, Plaintiff argues that Roy's research was irrelevant and unreasonable, as regardless of whether the timing of filing the notice of removal was unclear or not,

Defendants removed the case with many days to spare on either deadline.  (Doc. No. 53, p. 3).  However, without the benefit of their research, Defendants would not have known this. For these reasons, the Court finds that Defendants are entitled to attorneys' fees equal to the four (4.0) claimed hours enumerated in their motion for attorneys' fees.[3]  (Doc. Nos. 43-1; 43-2 p. 2).

<u>**Conclusion**</u>

Based on the foregoing, the Court **SUSTAINS in part and OVERRULES in part** Defendants' Objections to Magistrate Judge's Report and Recommendation, filed by Defendants Roy's Restaurant, Outback Steakhouse of Florida, Inc., Outback Steakhouse, Inc. and OS Restaurant Services, Inc. (Collectively "Roy's") on February 8, 2007.  (Doc. No. 50).  The Report and Recommendation [to Grant in part Defendants' Motion for Costs and Attorneys' Fees], filed by the United States Magistrate Judge on January 25, 2007, (Doc. No. 49), is **ADOPTED in part and MODIFIED in part**, in the following respects:

    a.    The Court **ADOPTS** the Magistrate Judge's finding that Roy's is entitled to $250.00 in costs.

    b.    The Court **ADOPTS** the Magistrate Judge's finding that Roy's is entitled to $2437.50 in attorneys' fees for work associated with defending against the motion to remand.

---

[3]    According to evidence presented by Roy's, attorney Johnson billed 2.1 hours on the removal issue at a rate of $175.00 per hour, and attorney Ussery billed 1.9 hours on the removal issue at a rate of $150.00 per hour, for a total of $652.50 in attorneys' fees.  (Doc. No. 43-2, p.2).

     c.     The Court finds that Roy's is entitled to $652.50 in attorneys' fees for four (4.0) hours of work associated with researching and filing the Notice of Removal.

Thus, the Court finds that Defendants are entitled to payment from Plaintiff of a total of $3340.00 in costs and attorneys' fees. Plaintiff is hereby **ORDERED** to pay such sum to Defendants before refiling or further pursuing this action in any Court.[4]

The Clerk shall close this case.

**DONE and ORDERED** in Chambers in Orlando, Florida this 22nd_ day of March, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

---

[4]    It is permissible for a district court to attach as a condition to allowing voluntary dismissal that costs and fees be paid before a Plaintiff can further pursue an action in court. *See, e.g.,* Fed. R. Civ. P. 41(a)(2); *Chandler v. Case Western Reserve University*, 57 Fed.Appx. 683, 685 (6th Cir. 2003) (per curiam).

Counsel of Record

Clerk of Court